UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **LENA BARRICKS,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 4:03cv0092 AS |
| | ) |
| **ELI LILLY & COMPANY,** | ) |
| | ) |
| Defendant | ) |

*MEMORANDUM OPINION AND ORDER*

This court takes full judicial notice of the record in this case and notes specifically that the complaint in this case was filed by counsel on or about November 25, 2003, and thus this case has now been pending for well over a year and-a-half. There is pending the defendant's motion for summary judgment, and the plaintiff's response.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendant's motion.

2

The Seventh Circuit stated in *Amadio v. Ford Motor Co.*, 238 F.3d 919, 926 (7th Cir. 2001), that "it is by now well-settled that a party may not attempt to survive a motion for summary judgment by manufacturing a factual dispute through the submission of an affidavit that contradicts prior deposition testimony." Therefore, when a "deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition is mistaken, perhaps because the question was phrased in a confusing manner or because a lapse of memory is in the circumstances a plausible explanation for the discrepancy." Id. (quoting *Russell v. Acme-Evans Co.*, 51 F.3d 64, 67-68 (7th Cir. 1995)).

Discovery was closed in this case after several extensions on March 8, 2005, and therefore the request for yet another deposition is simply out of time. *See Bennington v. Caterpillar, Inc.*, 275 F.3d 654 (7th Cir. 2001). In fact, the filing which purports to be an affidavit of Martha Hayes is not even that. More importantly, it cannot be used in this summary judgment proceeding. *See Mason v. Clark*, 920 F.2d 493 (7th Cir. 1990). *See also Logan v. Caterpillar, Inc.*, 246 F.2d 912 (7th Cir. 2001).

The focus here is on the failure of this plaintiff to receive a merit pay increase in 2003. The focus therefore is narrow and the sole argued basis for it is age or gender discrimination. The plain blunt fact is even with the possibility that some small part of the purported affidavit of Martha Hayes might have some merit, the defendant Eli Lilly and Company are entitled to a summary judgment and the attempt to drag in some kind of a civil conspiracy simply will not fly here. *See Wells v. Unisource Worldwide, Inc.*, 289

F.3d 1001 (2002).  Whether or not this plaintiff performed satisfactorily is a subject consigned largely but not solely to the employer.  *See Johnson v. City of Fort Wayne,* 91 F.3d 922 (7th Cir. 1996).  *See also Dey v. Colt Constr. & Dev. Co.,* 28 F.3d 1446 (7th Cir. 1994).  This plaintiff simply has failed to establish a basis for the decision of this employee regarding merit pay which finds a basis in age or gender discrimination.  As pointed out, this is not a sexual harassment case.  It is much narrower and more confined than that species of employment discrimination litigation.

It must be said in candor that the undersigned remains a great devotee of the Seventh Amendment of the Constitution of the United States.  *See Latino v. Kaizer*, 58 F.3d 310 (7th Cir. 1995).

Here, there is simply not enough for that process.  The defendant's motion for summary judgment is now **GRANTED**.  The Clerk shall enter judgment in favor of the defendant, Eli Lilly & Company, and against the plaintiff, Lena Barricks.  Each party shall bear its own costs.  **IT IS SO ORDERED**.

   **DATED:**  August 18, 2005

                                   S/ ALLEN SHARP
                                   **ALLEN SHARP, JUDGE**
                                   **UNITED STATES DISTRICT COURT**